UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,                ORDER REVOKING BAIL

      - against -                  CR 04-790 (CBA)(CLP)

LARRY STATHAKIS,

                Defendant.

- - - - - - - - - - - - - - - - - - X

The Government moved by letter application filed on February 2, 2007 to revoke bail of defendant Larry Stathakis. A hearing on this motion was held on February 5, 2007, both before and after jury selection. For the reasons discussed on the record and below, the motion is granted.

## **FINDINGS OF FACTS AND CONCLUSIONS OF LAW**

A district court may revoke an order of release if, after a hearing, the court

    (1) finds that there is--
       (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
       (B) clear and convincing evidence that the person has violated any other condition of release; and

    (2) finds that--
       (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
       (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3182.

As stated on the record, this Court finds by clear and convincing evidence based on the Government's submissions and the testimony taken that defendant twice violated the condition of release imposed by Magistrate Judge Bloom at a revocation hearing held on November 21, 2006 not to speak with any potential witness in the case.  First, Mr. Stathakis admittedly had a conversation with Michael Sideris, undisputedly a potential witness.  Although Mr. Sideris initiated the contact, apparently by first calling and then going to defendant's office, defendant should not have talked to Mr. Sideris, but instead, should have advised he could not engage in any conversation with Mr. Sideris.  Second, Mr. Stathakis attempted to call Costas Philippou at home in Cyprus the evening of January 29, 2007.  After Panteli Pantelis, Mr. Philippou's son-in-law who answered the telephone, advised that Mr. Philippou had left for the United States, Mr. Stathakis stated that it was not a good idea for Mr. Philippou to come to the United States and be involved.  Irrespective of whether, as argued by defendant, Mr. Philippou's testimony would be more helpful to the defense than the Government, Mr. Philippou was a potential witness whom defendant was prohibited from contacting.

I further find by a preponderance of the evidence that there are no conditions of release that can insure that defendant will comply with the condition of release not to have any contact with potential witnesses. See United States v. Gotti, 794 F.2d 773, 777-78 (2d Cir. 1986) (applying preponderance of evidence

standard). This is the third instance since September 2006 that defendant has communicated with potential witnesses. These two more recent instances occurred after Judge Bloom clearly admonished defendant "to keep to yourself" and not to speak with any witness, potential witness or co-defendant. In his conversation Mr. Pantelis, defendant shows that he had every interest in attempting to contact a potential witness in connection with his trial.

In light of these findings, I do not reach the Government's second ground for revocation: that there is probable cause that defendant committed the crime of witness tampering in violation of 18 U.S.C. § 1512(c)(2), conduct which triggers the rebuttal presumption under § 3148(b)(2) that "the person will not pose a danger" to the community. See U.S. v. LaFontaine, 210 F.3d 125, 130 (2d Cir. 2000).

## CONCLUSION

The Government's motion to vacate the prior order of release dated February 17, 2006, as modified by Judge Bloom on the record on November 21, 2006, is granted.

Dated:   Brooklyn, New York
         February 8, 2007

                                    _/s/_____
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE